UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMER LOPEZ MARTINEZ, Petitioner, v. CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al., Respondents. | Case No.: 26cv4823-LL-BJW **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** [ECF No. 1] |

Before the Court is Petitioner Wilmer Lopez Martinez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return. ECF No. 4. Petitioner filed a Traverse. ECF No. 5. For the reasons set forth below, the Court **DENIES** the Petition.

## I. BACKGROUND

Petitioner, a federal immigration detainee, is a noncitizen who entered the United States in 2024 without inspection. Pet. ¶ 26. On August 13, 2025, Petitioner failed to appear at his removal hearing pursuant to 8 U.S.C. § 1229(a)(1). ECF No. 4-1. An immigration judge ("IJ") conducted the hearing *in abstentia*, finding "removability established as charged" and ordered Petitioner removed to Guatemala. *Id.*; *see also* Pet. ¶ 3. On

September 3, 2025, Petitioner filed a Motion to Reopen his *in abstentia* removal order, which was subsequently rejected because of improper proof of service and failure to submit proof of payment. ECF No. 4-2; ECF No. 5 at 7.

At an unknown point in time, Petitioner was detained by immigration authorities. Pet. ¶ 29. Petitioner is currently detained at the Otay Mesa Detention Center. *Id.* ¶ 20.

On August 25, 2026, Petitioner filed the instant Petition. Pet.

## II. LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III. DISCUSSION

Petitioner alleges that (1) he is being detained unlawfully because Respondents failed to establish lawful authority for his continued detention; and (2) his counsel was advised that the U.S. Department of Homeland Security ("DHS") is processing Petitioner for expedited removal pursuant to 8 U.S.C. § 1225(b)(1) but "the materials supplied for this Petition . . . do not include a separate expedited-removal order." Pet. ¶¶ 30–31, 66–69. Petitioner asks this Court to make a narrow, factual determination pursuant to 8 U.S.C. § 1252(e)(2)(B): whether an expedited removal order was in fact issued against Petitioner. *Id.* ¶¶ 70–74. Petitioner requests the Court to order his release if Respondents cannot establish lawful authority for continued detention." *Id.* at 11.

Respondents argue that Petitioner fails to state a habeas claim because he is subject to a final order of removal and thus lawfully detained under 8 U.S.C. § 1231. ECF No. 4.

In his Traverse, Petitioner acknowledges that Respondents identified statutory authority for his detention—8 U.S.C. § 1231. ECF No. 5 at 2–3. But Petitioner maintains that Respondents have failed to provide any response as to whether Petitioner is subject to an expedited removal order. *Id.*

Pursuant to the Court's order, Respondents filed supplemental briefing stating that Petitioner was never issued an expedited removal order pursuant to 8 U.S.C. § 1225(b)(1) and attached a copy of the Notice to Appear personally served on Petitioner on February 2, 2024. ECF Nos. 7, 7-1.

The Court finds Respondents have shown that Petitioner has a final order of removal and is currently detained under 8 U.S.C. § 1231, and that Petitioner has never been issued an expedited removal order pursuant to 8 U.S.C. § 1225(b)(1). ECF Nos. 4,7. Therefore, Petitioner has not shown that he is in custody in violation of the Constitution or laws or treaties of the United States.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** the Petition and directs the Clerk of Court to close this matter.

**IT IS SO ORDERED.**

Dated: September 21, 2026

Honorable Linda Lopez
United States District Judge